UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE<br>ASANDA AIR II, LLC,<br>        Debtor | CHAPTER 11<br>CASE NO. 19-10404-whd<br><br>JUDGE DRAKE |
| Delta Airlines, Inc.,<br>        Movant<br>v.<br><br>Asanda Air II, LLC,<br>        Respondent | CONTESTED MATTER |

**DEBTOR'S RESPONSE TO DELTA'S MOTIONS TO DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE,
MOTION FOR RELIEF FROM STAY**

COMES NOW ASANDA AIR II, LLC, Debtor herein, and hereby files this Response to *Delta Airline, Inc.'s Motion to Dismiss Chapter 11 Case or, In the Alternative, Motion for Relief From the Automatic Stay* [Doc. No. 20] ("the Motion") and *Supplement to Delta Airline, Inc.'s Motion to Dismiss Chapter 11 Case or, In the Alternative, Motion for Relief From the Automatic Stay* [Doc. No. 45] ("the Supplemental Motion"), respectfully showing the following:

**THIS CASE IS NOT A BAD FAITH FILING AND SHOULD NOT BE DISMISSED**

Delta Airlines, Inc. ("Delta") argues in the Motion that this Case should be dismissed for cause, and argues that the principal cause for dismissal is that the Debtor, historically, has not been profitable and is not a viable business, See: *Motion, page 10*, and therefore the Debtor's

1

income is insufficient to operate and there is no possibility of reorganization. See: *Motion, page 12*.

The Debtor has been profitable for nine months, and Delta is well aware of this fact. Debtor exchanged a series of e-mails with Delta many months before this Case was commenced demonstrating profitability. The Debtor testified at the Section 341 Meeting of creditors on March 27, 2019, attended by Delta's bankruptcy counsel, that Asanda's operations have been profitable since July of 2018. Attached hereto as **Exhibit A** is a consolidated profit and loss statement for the twelve months of 2018, and a consolidated profit and loss statement containing the January and February 2019 income, and projected income for the remainder of 2019.[1] Debtor is prepared to tender additional evidence to this Court concerning historic, current, and projected profitability.

Delta also argues in the Motion that the reorganization essentially involves the resolution of a two-party dispute and, therefore, was filed in bad faith. *See: Motion, page 12*. While it is uncontested that a resolution of the dispute between Delta and the Debtor may be the single most significant hurdle to the submission of a confirmable Plan of Reorganization, the Schedules filed by the Debtor list five general unsecured creditors as well as a significant priority tax debt owing to the IRS.[2] [Doc. No. 47]. This Case allows the Debtor a forum to modify or extend the terms of payments to nearly $400,000 of unsecured debt, and is much more than a two-party dispute.

In the Supplemental Motion filed on April 1, 2019, Delta argues, for the first time, that Bankruptcy Code Section 365(c)(1) prohibits the assumption of the Spa Services Agreement

---

[1] These are documents produced to Delta, and ignored by Delta in the Supplemental Motion.
[2] The IRS has filed a claim in this Case, Claim No. 1, alleging an outstanding balance of $102,640.78

2

between Delta and the Debtor. While creative, a preliminary review of case law suggests that this argument is short on law and fact. It is a newly injected legal claim, which is not frequently litigated and, should this court find that this argument is worthy of consideration, counsel requests the opportunity to further research the legal elements and supplement this brief.

In the 362(c)(1) argument, Delta turns first to the 11th Circuit decision *City of Jamestown v. James Cable Partners*, 27 F.3d 534 (11th Cir. 1994) to support its argument that the Spa Services Agreement between Delta and the Debtor cannot be assigned because assignment is prohibited by law. While *City of Jamestown* provided an analysis of 365(c)(1) exception to assumption and assignment of executory contracts, the court there held that the debtor was not prohibited from assuming a franchise agreement, despite the existence of a municipal ordinance prohibiting the assignment. In another case cited by Delta, *In re Trump Entertainment Resorts, Inc.*, 526 BR 116 (Bankr D. Del. 2015) the bankruptcy court found that "federal trademark law *generally* bans the assignment of trademark licenses absent the licensor's consent because… the identity of the licensee is crucially important to the licensor" *Id.* at 124, but also explained that the court must understand why the applicable non-bankruptcy law bans an assignment. The Spa Services Agreement between Delta and the Debtor is not a traditional trademark license agreement.³ Rather, it is primarily an agreement to perform services in which Debtor was given responsibility to obtain all licenses and permits. *Motion*, Exhibit A, paras 1, 2. Buried deep in section 13.5 of the Spa Services Agreement is a limited and non-exclusive royalty-free license to use the trademarks "Delta", "Delta Air Lines", Delta Sky Club" and a replication of the Delta

---

³ As mentioned above, the Supplemental Motion was filed by Delta two days before the schedule hearing on the Motion, and the time to research federal trademark law was

3

"widget" logo.[4]   The Spa Services Agreement is just that; an agreement whereby Debtor provides spa services at Delta Sky Clubs in various U.S. cities. Debtor's use of the trademark is limited to an imprint on the Spa Services Menu offered to customers in the Delta Sky Clubs, and is easily removed.   Debtor does not use the trademarks in any advertising, billing, or for any other purposes other than as minor artwork on the Spa Services Menu within the Sky Clubs. Any purported assignment of trademarks is diminimis in its impact and is only incidental to the primary purpose of the Spa Services Agreement.

## THERE IS NO CAUSE SHOWN FOR GRANTING

## RELIEF FROM THE AUTOMATIC STAY

Delta seeks relief from the automatic stay on the same bad faith cause found in their request for a dismissal of the Case, and Debtor reiterates that there is inadequate evidence to support a finding of bad faith.

Cause for relief is to be determined by the totality of the circumstances.  *In re Anderson 2000*, 2003 Bankr. LEXIS 1133 (Bankr. N.D. Ga. 2006).   In determining whether to lift the automatic stay to permit a party to proceed with pending litigation, courts apply a three-factor balancing test: (1) Whether any great prejudice to either the bankruptcy estate or the debtor will result from prosecution of the lawsuit; (2) Whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; and (3) Whether the creditor has a probability of success on the merits of his case.  *In re Sandalwood Nursing Center, Inc*. 2018 Bankr. LEXIS 2526 (Bankr. ND Ga. 2018).    The record from the

---

[4] Paragraph 13.5 also grants Delta a nonexclusive royalty-free license to use Asanda trademarks "Asanda and Asanda Spa Loungee [sic]" for Delta advertising, which results in a mutual licensing agreement, and counsel has found no authority on the effect of such a mutual licensing agreement on Section 365 of the bankruptcy code.

4

Superior Court action [Doc. No. 41-1] shows that, although Delta filed a petition and motions in the Superior Court of Fulton County, the time for Debtor to respond to the petition and to the motions had not yet passed when this Case was commenced. There have been no orders or rulings from the Superior Court concerning any of the relief requested in the petition. There has been no discovery conducted in the Superior Court. The Superior Court case was barely in gestation and was rushed to court, without notice to Debtor, in an effort by Delta to create the impression of an ongoing and active case after being put on notice of Debtor's intention to file this Case. The Superior Court case has also been removed to this Court [Doc. No. 41], where the Court has jurisdiction to hear the claims and enter a declaratory judgment in the Adversary Proceeding with the same, or greater, efficiency than the parties are likely to experience in Fulton Superior Court. There is no hardship to Delta in keeping the declaratory judgment action as an Adversary Proceeding. There is certainly a question as to the likelihood of Delta's success on the merits of the declaratory judgment action. In the Motion, Delta submitted only the original Spa Services Agreement, but failed to submit the two written amendments to the Spa Services Agreement, which Debtor submits herewith as **Exhibits B, C**. The amendments are evidence of a material change in the terms of the original agreement as to termination and concerning statement of work, which also modifies the termination rights of the parties. Debtor contends that Debtor has a likelihood of success on the merits, which tilts at least two of the factors concerning stay relief in favor of the Debtor, and this court should deny the motion.

## CONCLUSION

For the reasons stated herein, and for those reasons to be demonstrated at trial, the Debtor requests that this Court deny Delta the relief requested in the Motion and in the Supplemental Motion.

5

This 2nd day of April 2019.

Counsel for Debtor:

 /s/ Edward F. Danowitz  
Edward F. Danowitz
Ga. Bar No. 003180
***Danowitz Legal, P.C.***
300 Galleria Parkway NW
Suite 960
Atlanta, GA 30339
770-933-0960
Edanowitz@DanowitzLegal.com

 /s/  Paul Reece Marr  
Paul Reece Marr
Georgia Bar No. 47123
***Paul Reece Marr, PC***
300 Galleria Parkway NW
Suite 960
Atlanta, GA 30339
770-984-2255
Paul.Marr@MarrLegal.com

**CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing *Debtor's Response to Delta's Motion To Dismiss Chapter 11 Case or, in the Alternative, Motion for Relief from Stay* with the Clerk of Court using the CM/ECF system, which will send electronic notification to all users who have consented to such service pursuant BLR 5005-8 and General Order 25-2018.

Counsel for the Debtor

  */s/ Edward F. Danowitz*
Edward F. Danowitz
Ga. State Bar No. 003180
***Danowitz Legal, P.C.***
300 Galleria Parkway NW
Suite 960
Atlanta, GA   30339
770-933-0960
EDanowitz@DanowitzLegal.com